MARSHALL and wife vs. HELLER.

*September 4 — September 19, 1882.*

*False imprisonment: Misleading instructions: Excessive damages.*

1. An instruction to the jury that "fasle imprisonment is any unlaw-
ful restraint of a man's liberty . . . by words and an array of
force, without bolts or bars, in any locality whatever," unaccom-
panied by any explicit statement of *what* words and array of force
would constitute an imprisonment, is *held*, though theoretically
correct, to have had a tendency to confuse or mislead the jury in
a case where no conversation or conduct towards the plaintiff,
with an array of force, was shown by the evidence, and where
there was no imprisonment unless the plaintiff was actually
locked in.

2. The damages awarded in this case are *held* to be excessive.

APPEAL from the County Court of *Milwaukee* County.
Action for false imprisonment of the plaintiff wife. The
first trial, in the county court, resulted in a verdict for the
plaintiffs for $200, which was set aside on the ground that it
was contrary to the evidence. Upon the second trial, *Mrs.
Marshall* testified, among other things, that she went to the
defendant's store to see if she could get pay for work she
had been doing for one Mies, a tailor employed by the de-
fendant; that she had with her one pair, and at home five
pairs, of pantaloons which she had made for Mies; that she
showed the work to the defendant, who said the pantaloons
were his, he having given them to Mies to make, and told
her to bring the six pairs and he would pay for them at the
price Mies was to pay her; that she asked him if he would
pay all that Mies was owing her and he said he would not;
that she then said she was going to some other store, and he
asked her name; that she did not tell him her name but
started to go; that he then called the bookkeeper and told
him to lock the door; that the bookkeeper locked the door
and stood by it for about half an hour, and that she was

then permitted to go away. Several witnesses, called for the defense, testified that the door was not locked and that persons were passing in and out of the store while *Mrs. Marshall* was there. Other evidence, and the instructions given to the jury will sufficiently appear from the opinion. There was a verdict for the plaintiffs, assessing the damages at $650. A motion for a new trial, on the ground that the verdict was contrary to law and the evidence, was denied, and from a judgment on the verdict, the defendant appealed.

For the appellant there was a brief by *Winfield & A. A. L. Smith*, and oral argument by *Mr. Winfield Smith*.

For the respondents there was a brief by *K. Shawvan*, their attorney, and *C. K. Martin*, of counsel, and oral argument by *Mr. Martin*.

COLE, C. J. The learned counsel for the defendant, on the trial, took exceptions to certain portions of the charge which he now insists were not warranted by any evidence in the case, and were calculated to mislead the jury to the prejudice of his client. At the outset of his charge the learned county judge gave a definition of the legal term "false imprisonment." He told the jury that false imprisonment is any unlawful restraint of a man's liberty, whether in a place made use of for imprisonment generally, or in one used only on the particular occasion, or by words and an array of force, without bolts or bars, in any locality whatever. Now, one criticism made on this charge is that while the general definition of false imprisonment may be theoretically correct, yet, as it includes acts which the defendant was not shown to have committed, the jury should have been explicitly told what "*words and array of force*" would constitute false imprisonment.

But this is not the only objection to the charge. Further on in his remarks the learned judge told the jury that if they found that the store was not locked, but should find

from the conversation had between the parties upon the occasion of plaintiff being in the store, and the conduct of the defendant towards her, that there was such an array of force, in connection with the words spoken, as comes within the definition of false imprisonment as read to them, this would constitute false imprisonment. Here, again, was a failure to distinctly inform the jury what words and array of force would amount to a false imprisonment. If the evidence had shown that the defendant threatened the plaintiff, or said to her that she should not depart from the store unless she left the pants, and had ordered his clerks not to let her go away, and they had compelled her to remain against her will, this would be imprisonment, though no actual violence was used. She might then well say that she was deprived of her liberty; that she could not depart from the store as she desired; that force was at hand ready to compel her to stay; and that there was an entire restraint upon her will and conduct. This would doubtless amount to imprisonment, for she was not obliged to incur the risk of personal violence and insult, by attempting to go, until actual violence was used. *Bird v. Jones*, 7 Q. B., 742; *Pike v. Hanson*, 9 N. H., 491; *Smith v. State*, 7 Humph., 43. " Imprisonment is any restraint of the personal liberty of another; any prevention of his movements from place to place, or his free action according to his own pleasure and will. A man is imprisoned when he is under the control of another in these respects, or either of them, against his will." Judge Baldwin, in *Johnson v. Tompkins*, Baldw., 571–600.

Now, as the defendant's counsel says, there was no conversation and conduct towards the plaintiff with an array of force shown in the evidence. There was no false imprisonment, unless the door was locked and she prevented from going away. The plaintiff herself does not pretend there was any other sort of imprisonment. She even says: " Nobody asked me to leave the pants." The only act of wrong-

ful restraint or imprisonment, according to her statement, was locking her in the store. What the learned county judge said as to "words and an array of force without bolts or bars," as amounting to imprisonment, was entirely outside of the case, and mischievous in its tendency. For the jury might have found under the instruction that, though the store was not locked, yet, because the defendant told her she could not go away without leaving the pants, and because he had clerks about the store who could have compelled her to remain against her will, had they been ordered to do so, that this would make out a case of false imprisonment, though no one actually interfered with her going away. We are therefore constrained to the conclusion that the jury must have been confused, or misled, by what was said in the charge about "words and an array of force," as constituting false imprisonment, and that the case has not been fairly submitted. No restraint or imprisonment of that character, or which would come within the definition on that point, was complained of.

We feel it our duty to make another remark, in view of what the record shows. The amount of damages allowed by the jury is out of all proportion to the wrong done the plaintiff, even accepting her own version of the matter. Had the motion for a new trial been made on the ground that the verdict was excessive, it should have been granted for that reason alone. The jury must have acted under some strange mistake as to the law or facts of the case, in order to reach the result they did. The cause of justice and right will be promoted by setting this verdict aside.

*By the Court.*— The judgment of the county court is reversed, and a new trial ordered.