## WILL OF McCRORY.

*February 3 — February 28, 1888.*

*Change of venue: Prejudice of judges of other circuits.*

Though the party applying for a change of venue under sec. 2625, R. S., on the ground of the prejudice of the judge, states in his affidavit that the judges of certain other judicial circuits are also prejudiced, this is not conclusive of that fact, and the place of trial may nevertheless be changed to one of such circuits. *N. W. Iron Co. v. Crane,* 66 Wis. 567, distinguished.

APPEAL from the Circuit Court for *Winnebago* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The last will and testament of Charles McCrory, deceased, was presented to the county court of Fond du Lac county for probate, and the probate thereof was contested by *Mary McCrory,* the appellant. The county court admitted the will to probate, and from the order of that court admitting the same to probate the contestant appealed to the circuit court of Fond du Lac county. After the record had been transmitted to the circuit court of Fond du Lac county, the contestant appeared in that court and

Will of McCrory.

moved for a change of the place of trial, upon an affidavit of prejudice of the judge of said circuit; and thereupon the said circuit court made an order changing the place of trial to the circuit court of Winnebago county.   To the making of this order the contestant excepted.   The record was transmitted to the clerk of the circuit court of Winnebago county, and the action was brought to trial in that court by the proponent of the will.   The contestant did not appear in that court, and said court affirmed the order of the county court admitting the will to probate.   From the judgment and order of the circuit court the contestant appeals to this court.   The only error alleged by the appellant is that the order made by the circuit court of Fond du Lac county was erroneous and void.   The following is a copy of the affidavit upon which the contestant moved for a change of the place of trial in the circuit court of Fond du Lac county (after the title of the cause):

"*State of Wisconsin, Fond du Lac County* — *ss.: Mary McCrory*, being duly sworn, says that she is the contestant of the above-named last will and testament of said Charles McCrory, deceased, and one of the legatees named in said last will and testament, and as such contestant is one of the parties interested in said matter; that she has good reason to believe, and does believe, that she cannot have a fair trial of said action and matter in the court where the said action is now pending, on account of the prejudice of the Hon. N. S. GILSON, judge of said circuit court.   Said *Mary McCrory* also says on oath that she has good reason to believe, and does believe, that she cannot have a fair trial of said matter and action in the 13th judicial circuit of the state of Wisconsin, on account of the prejudice of the Hon. A. SCOTT SLOAN, the presiding judge of said 13th circuit.   Said *Mary McCrory* further says, on oath, that she has good reason to believe, and does believe, that she cannot have a fair trial of said action and matter in the 3d

judicial circuit of the state of Wisconsin, on account of the prejudice of the Hon. GEORGE W. BURNELL, the presiding judge of said 3d circuit.                    MARY McCRORY.

"Subscribed and sworn to before me this 8th . day of November, 1886.                    MAURICE McKENNA,

"Notary Public, Fond du Lac Co."

For the appellant the cause was submitted on the brief of *Gerpheide & McKenna*.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *Mr. F. F. Duffy*.

TAYLOR, J. The application to change the place of trial in this case was made under the provisions of sec. 2625, R. S. That section reads as follows: "The court shall change the place of trial of any action upon the application of any party thereto who shall file his affidavit that he has good reason to believe, and does believe, that he cannot have a fair trial of such action on account of the prejudice of the judge, naming him. . . . But one change of the place of trial shall be granted to the same side under the provisions of this section." The right to a change of the place of trial is purely statutory, and is imperative on the court when the proper affidavit is presented by a proper party. Under that section, the only thing the party moving has to do is to allege, in the form prescribed, the prejudice of the presiding judge of the court, and when that is shown in the way prescribed the presiding judge has no discretion except to change the place of trial. The presiding judge has nothing to do in the case except to make an order changing the place of trial.

But it is urged that because sec. 2626 provides that " when the place of trial shall be changed it shall be changed to some county where the causes complained of do not exist," if the party applying includes in the affidavit required to be made in order to obtain an order of removal, a further

statement that some other judges in the state are also preju-
diced, the court making the order is absolutely prohibited
from changing the place of trial to any county where such
other alleged prejudiced judges preside, and that the affi-
davit of the prejudice of the other judges is just as con-
clusive on the judge making the order as it is as to his own
prejudice. This we think is clearly erroneous, and would
extend the right to disqualify the judges of the courts to try
actions on the ground of prejudice to an extent never con-
templated by the statute. If the party applying to change
the place of the trial, by his statements under oath that he
believes other judges than the one before whom the action
is pending are prejudiced, can disqualify such judges from
trying his case, then he has the power to disqualify all the
judges in the state, and no trial of the case could be had.
Such a construction of the law would open the door for one
having the hardihood to make the proper affidavit to pre-
vent the case from trial in any court. A proceeding which
might lead to such absurd results cannot be tolerated.

If the allegations in the affidavit for a change of venue of
the prejudice of any other judge or judges have any place
in the motion to change the place of trial, they can only be
mentioned for the purpose of consideration by the court in
directing the county to which the change shall be made, but
they can have no conclusive effect upon that question. We
think, however, that under said sec. 2625 such allegations
have no place in the affidavit upon which the motion is
based; and if the party applying for the change thinks some
other judge is prejudiced against him, he should bring that
matter before the court in some other way, for the purpose of
obtaining the order to change the place of trial to some
place where such other supposed prejudiced judge does not
preside. The statute, which makes it absolutely necessary
for a court of record to order a change of the place of trial
upon the mere affidavit of a party alleging prejudice, is of

very doubtful propriety, and the legislature has restricted it within pretty narrow limits; and it is neither the policy of courts or of the legislature to extend the right.

It is urged that this court in *Northwestern Iron Co. v. Crane*, 66 Wis. 567, is authority for the practice adopted in this case. The proceeding in that case for a change of the place of trial was taken under a special statute, regulating the change of the place of trial from the county court of Dodge county. The statute regulating the change of venue in that court expressly provides that it shall be changed to the circuit court of the same county, "unless it shall appear that the circuit judge thereof is also prejudiced or disqualified in such action or proceeding; in which case the action shall be removed to some other court." Under this section, this court held that as the statute did not absolutely require the county court to remove the case to the circuit court of the same county when it appeared that the circuit judge was prejudiced or disqualified, the affidavit of the party making the motion to change the place of trial of the prejudice of the circuit judge was conclusive in that case, and it was the duty of the county court to remove the case to some other court. Under the general statute under which the application in this case is made, there is no such provision as to the prejudice of any other judge; and the direction in sec. 2626 that the place of trial shall be changed to some county where the causes complained of do not exist is general and applies to all the causes for a change of place of trial as well as for the one for prejudice. Whether the cause for which the change was made in this case existed in the county of Winnebago was a question to be determined by the circuit judge of Fond du Lac county; and we are not prepared to say that he erred in holding that it did not exist, simply because the appellant made affidavit that she believed it did exist. The mere belief in such case is not evidence of the fact, when such fact is to be established by

proof.   The fact that the statute declares that, for the purpose of a removal of the case from the court where the action is pending, such affidavit shall be conclusive, is no reason for holding that her belief shall be conclusive upon the question of the prejudice of all the other judges in the state.

We see no reason for charging the costs of this litigation to the estate of the deceased.   The record does not disclose that there was any merit in the contest made by the appellant against the probate of the will of the deceased.

*By the Court.*— The judgment of the circuit court is. affirmed.