DAVIES, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 23 — June 20, 1888.*

CRIMINAL LAW AND PRACTICE. *(1) Review on writ of error: Bill of exceptions. (2) Pleading: False imprisonment. (3, 4) Change of venue: Prejudice of judge of other circuit: Place of imprisonment.*

1. This court cannot consider errors predicated upon the evidence or proceedings upon the trial, where there is no bill of exceptions making them matters of record.

2. An information charging that the defendants " with force and arms did make an assault in and upon one E. P., then and there unlawfully and injuriously and against the will of her, the said E. P., and without any legal warrant, authority, or reasonable or justifiable cause whatever, did imprison, and detain so imprisoned, her, the said E. P., there for the space of one hour next following," etc., although it may not charge the specific offense defined by sec. 4387, R. S., does sufficiently charge the offense of false imprisonment as a misdemeanor at common law.

3. Though the affidavit for a change of venue under sec. 2625, R. S., states that the judge of another circuit is also prejudiced, the cause may nevertheless be sent to a county in such circuit.

4. A defendant convicted of a misdemeanor may be sentenced to imprisonment in the jail of the county in which the offense was committed, although the trial and conviction were had in another county to which the venue had been changed.

ERROR to the Circuit Court for *Crawford* County.

The plaintiff in error was convicted in the circuit court for Crawford county upon an information filed in the circuit court for Vernon county, which was as follows, omitting the formal parts: "I, O. B. Wyman, district attorney for said county, hereby inform the court that on the 7th day of November, in the year 1885, at said county, *N. T. Davies* and Andrew Chute with force and arms did make an assault in and upon one Ellen Peterson, then and there unlawfully and injuriously and against the will of her, the said Ellen Peterson, and without any legal warrant, authority, or reasonable or justifiable cause whatever, did imprison, and detain so imprisoned, her, the said Ellen Peterson, there for the space of one hour next following, and other wrongs to the said Ellen Peterson then and there did, to the great damage of her, the said Ellen Peterson, against the peace and dignity of the state of Wisconsin. *Second*, That on the 7th day of November, in the year 1885, at said county, said *N. T. Davies*, and Andrew Chute did unlawfully assault, beat, bruise, and otherwise ill-treat her, the said Ellen Peterson, against the peace and dignity of the state of Wisconsin."

Other facts are stated in the opinion.

The cause was submitted for the plaintiff in error on the brief of *T. J. Brooks*, and for the defendant in error on that of *L. K. Luse*, Assistant Attorney General.

ORTON, J. It seems that all the points of error assigned in the brief and argument of the counsel of the plaintiff in error are predicated upon the evidence and upon proceedings of the trial, except one; and there is no bill of exceptions making such evidence and proceedings matters of record. This court cannot, therefore, consider any such errors. The only point made by the learned counsel which depends upon the record and appears by it, is that the in-

formation does not warrant the conviction and sentence. It is conceded by the attorney general that the information may not be sufficient to charge the specific offense defined by sec. 4387, R. S.; [1] but it is contended, and we think correctly, that the information does sufficiently charge the offense of false imprisonment as a misdemeanor at common law, and is sufficient to warrant the conviction and sentence, as in *Smith v. State*, 63 Wis. 453; 1 Chit. Crim. Law, 335; *Marshall v. Heller*, 55 Wis. 392. This being the only point made by the learned counsel of the plaintiff in error of which we could take cognizance, the opinion might properly end here; but the learned attorney general having anticipated certain other questions which might be raised on the record, they may as well be disposed of.

1. The offense was committed and the information presented in the county of Vernon, which is a part of the judicial circuit of the Hon. A. W. NEWMAN, as the judge thereof. The affidavit for a change of venue in the case states that the defendants cannot have a fair and impartial trial before the said judge on account of his prejudice; and, further, that they cannot have such trial in the judicial circuit of the Hon. GEORGE CLEMENTSON, on account of his prejudice. The county of Crawford, to which the case was removed, and in which it was tried and the conviction had, is a part of said last-mentioned circuit. The question is, Was it proper to remove the case to said county of Crawford? The clause

---

[1] Sec. 4387, R. S., reads as follows: "Any person who shall, without lawful authority, forcibly or secretly confine or imprison another within this state, against his will, or who shall forcibly carry or send another out of this state, or from place to place within this state, against his will and without lawful authority, or who shall, without such authority, forcibly seize, confine, inveigle, or kidnap another, with intent to cause such person to be secretly confined or imprisoned in this state against his will, or to be sent or carried out of this state against his will, or to be sold as a slave, or in any way held to service against his will, shall be punished," etc.— REP.

Davies vs. The State.

of the affidavit relating to the prejudice of Judge CLEMENT-
SON is mere surplusage and of no effect whatever. This
affidavit is made under sec. 2625, R. S., in which there is no
such provision as to the prejudice of other judges. *Will of
McCrory*, 71 Wis. 83.

2. The circuit court of Crawford county, in which the
trial and conviction were had, sentenced the plaintiff in
error to pay a fine of $100 and costs, and to be committed
to the county jail of *Vernon* county until said fine and costs
are paid or discharged, but not to exceed the term of four
months. Was it error for the court to so sentence the
plaintiff in error to be imprisoned in the jail of *Vernon*
county, where the offense was committed and information
filed, rather than in the jail of Crawford county, where the
trial and conviction were had, and to which the venue had
been changed? The statute (sec. 4681, R. S.) provides that
in such a case of change of venue the district attorney of
the county where the information is filed shall prosecute
the case for the state, and that the trial shall be conducted
in other respects as if the information had been filed in the
county to which the venue is changed, and that the costs
accruing from the change shall be paid by the county where
the offense was committed. It is provided in the following
section (4682) that, in default of the prisoner entering into
a recognizance for his appearance for trial in the county to
which the venue had been changed, he shall be safely kept
in the county jail of said county until discharged by due
course of law; and, in case there is no final trial of the case
during the term next after such change of venue, the judge
of the court may order the prisoner to be kept in the com-
mon jail of *any* county where it may be most safe and con-
venient. It is provided in sec. 4732, R. S., that if there is
no jail in the county where the offense was committed, suit-
able for the confinement of such convict, the court may
order the sentence to be executed in *any* county in this

state in which there may be a jail suited to that purpose, and that the expenses of supporting such convict shall be borne by the county in which the offense was committed. In the absence of any direct provision of statute as to the proper county jail in which the convict shall be imprisoned on final sentence, whether that of the county where the offense was committed or that of the county to which the venue was changed, such proper county jail may be determined by implication from the above statutes; or, inasmuch as the legislature has failed to provide in which county jail such sentence shall be executed in such a case, it may follow as a sequence that it may be executed in either county jail, in the discretion of the court; for it must be executed in one or the other.

The above statutes seem to have established the policy that the county in which the offense was committed should bear all of the expense of its prosecution, by providing that it shall pay the expenses of the trial in one case, and all the expenses of supporting the convict in the county jail in the other, incurred by the other county. They create an indebtedness and an obligation in the county in which the offense was committed, to pay these charges, and would seem to imply an indebtedness against such county to pay the expenses of imprisonment in a case like this, and in the case where the court has ordered the prisoner to be detained in the jail of some other county for safe-keeping until the trial, where no direct provision is made for the payment of such expenses. If, then, the county in which the offense was committed is liable to pay to the county to which the venue is changed the expenses of the imprisonment of the convict in the county jail of said county, if such is the sentence, then why should not such county be permitted to avoid such liability by keeping the prisoner in its own jail? The further policy would seem to be established by the above statutes, and that is that all prisoners should be im-

prisoned in the county jail of the county where the offense was committed, if such county has a sufficient and suitable county jail for such purpose. For these reasons, we think we may safely say that the sentence of imprisonment of the plaintiff in error to the county jail of the county of Vernon, where the offense was committed, was not erroneous or unlawful.

We have carefully examined the record, and we can find no error therein.

*By the Court.*— The judgment of the circuit court is affirmed.