Weldon, J.,
delivered the opinion of the court:
This is a claim to recover for services rendered as a United States commissioner, from the 12bh day of November, 1879, to the 15th of December, 1886, amounting in the aggregate to the sum of $275.
Between said dates the claimant issued warrants in 102 cases, in 82 of which issue was joined and testimony taken, in ■9 of which issue was joined but no testimony taken, and in 11 ■of which issue was not joined. On the loth of February, 1889, the claimant presented his account, embracing said items of *122 charges, to the district court of the United States for the district of Colorado, the district in which the services were rendered, but the said court “ declined to examine and approve the said account and to receive the same or any part thereof.”
Six dollars of the account accrued after the 4th day of August, 1886. The question presented by this record, has been before this and the Supreme Court in two cases, and it is not necessary that we should discuss or re examine it. (Wallace v. United States, 20 C. Cls. R., 274; Knox v. United State , 23 id., 307; United States v. Wallace, 116 U. S, R., 398; United States v. Knox, 128 id., 230.)
It is insisted upon the part of the defendants that the statute of limitations had run at the time the amended petition was filed against a large part of the claim, to wit, for the services rendered between the 12th day of November, 1879, and the 30th of August, 1883. Between those periods $260 of said fees were earned. After said time and up to June 1, 1885, $9 were earned; and after the 4th of August, 1886, $6 were earned. The original petition embraced, by general allegation, the kind and quality of services contained in the amended petition, and the amended petition in addition contained a charge of $6 rendered in 1886, after the passage of the Act of August 4, 1886. Amendments are largely in the discretion of the court, and are always proper as against the statute of limitations, when no new cause of action is introduced and the amendment is confined to a mere development of the original cause of action. (Cape Ann Granite Company v. The United States, 20 C. Cls. R., 1.)
It is the judgment of the court that the claimant recover the sum of $269.
Sgoeield, J., was absent when the case was heard and took no part in the decision.