ILLINOIS STEEL COMPANY, Appellant, vs. ROGALL and others, Respondents.

*October 30—November 17, 1914.*

*Ejectment: Abatement of action: Death of defendant: Bringing in real parties in interest.*

1. An action of ejectment abates on the death of the sole defendant and occupant of the premises, and cannot be revived against his heirs or personal representatives claiming only as such.
2. Where a defendant in ejectment transfers his interest and the possession of the land, he becomes a mere nominal party and the transferees become the real parties in interest, liable to be made defendants at any time under sec. 2801, Stats.; and the right to have such real parties in interest made defendants is not impaired by death of the nominal party.

   APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.   *Affirmed in part; reversed in part.*

   Ejectment.   The plaintiff appeals from an order denying

an application to revive the action. It appeared from the moving papers that the action was commenced in 1896 against Martin Warras and Mary Warras, his wife, who were then occupying the premises in dispute; that they both died at some time shortly prior to February, 1911, the said Martin Warras being intestate; that they left eight children surviving them who claim an interest in said property as heirs at law of Martin Warras; that *Joseph Rogall* and *Mary Rogall,* his wife, are in actual possession of the premises, claiming an interest therein as successors in interest of Martin and Mary Warras. On these facts the plaintiff moved to revive the action against the *Rogalls* and the eight heirs at law of Martin Warras. It further appeared by an affidavit filed on behalf of the defendants that the original defendant, Martin Warras, survived his wife, Mary, and, prior to his own death, transferred his interest in the property in question to one Mary Rogall, who in turn transferred the same to the said *Joseph Rogall* and *Mary Rogall,* and that said *Rogalls* are in possession claiming to be the owners thereof.

For the appellant there was a brief by *Theodore Kronshage, Jr., John H. Paul,* and *John W. McMillan,* and oral argument by *Mr. McMillan.*

For the adult respondents there was a brief by *Fiebing & Killilea, H. J. Killilea,* and *Moritz Wittig,* and oral argument by *Mr. Wittig.*

For the infant respondents the cause was submitted on the brief of *Otto Dorner,* guardian *ad litem.*

WINSLOW, C. J.   In this case it is held:

1. The action of ejectment does not survive the death of the sole defendant and occupant of the premises (*Farrall v. Shea,* 66 Wis. 561, 29 N. W. 634), hence it cannot be revived against heirs at law or personal representatives claiming only as such. The motion, therefore, was properly denied so far as the heirs at law of Martin Warras are concerned.

2. As soon as Martin Warras in his lifetime transferred his interest to the *Rogalls* and they took possession .Warras became a mere nominal party and the *Rogalls* became the real parties in interest liable to be made defendants at any time, under sec. 2801, Stats. Manifestly the death of a mere nominal party could not impair the plaintiff's right to have the real parties in interest made defendants. Therefore the court should have ordered the *Rogalls* to be brought in as defendants and the action to continue as to them.

*By the Court.*—That portion of the order refusing to revive the action as to the heirs at law of Martin Warras and Mary Rogall (mother of *Joseph Rogall*) is affirmed with $25 costs, and the remainder of the order is reversed and the action remanded with directions to enter an order bringing in *Joseph Rogall* and *Mary,* his wife, as defendants, and continuing the action as to them. Plaintiff to recover against the *Rogalls* last named the fees of the clerk of this court.[1]