STATE EX REL. PABST, Plaintiff, vs. CIRCUIT COURT FOR MILWAUKEE COUNTY and others, Defendants.

*May 10—June 3, 1924.*

*Corporations: Dissolution: Pending actions: Abatement after three years: Powers of court: Debts of corporation: Liability of stockholders: Prohibition: When writ will issue.*

1. To warrant the issuance of a writ of prohibition restraining the further prosecution of an action, the duty of the lower court must be plain, its intent to proceed must be clear, and the results must be not only prejudicial but must involve extraordinary hardship, and the remedy by appeal or writ of error must be inadequate. p. 304.

2. An order denying a motion to abate an action against a corporation is not appealable. p. 305.

3. Under secs. 181.02 and 181.03, Stats. 1923, providing for the dissolution of corporations and their continuance for three years thereafter for the purpose of winding up their affairs, the legal administrators, after the lapse of such three-year period, have no further functions to perform, cannot represent the corporation, the corporation itself is defunct, and all actions against it are abated. p. 307.

4. Sec. 181.02, Stats., gives the court no power to make other provisions than those contained 'therein with reference to such matters. p. 307.

5. Though a corporation after dissolution and the lapse of three years is without existence, its debts do not cease to exist; and creditors may follow its assets into the hands of stockholders and require them to respond to the extent of their distributive shares. p. 307.

State ex rel. Pabst v. Circuit Court, 184 Wis. 301.

6. Under secs. 2800 and 2801, Stats., a cause of action against a corporation does not survive after its dissolution and the lapse of three years so as to prevent the abatement of an action after that time, though the cause may survive as against those receiving the assets of the corporation.   p. 308.

AN ORIGINAL ACTION in this court for a writ of prohibition to restrain the further prosecution of an action pending in the circuit court for Milwaukee county against one of the defendants therein, the Pabst Brewing Company. An alternative writ of prohibition was issued out of this court requiring the defendants to desist from the further prosecution of said action or to show cause before this court why the defendant should not be absolutely and permanently restrained from the further prosecution of said action. The circuit court, OSCAR M. FRITZ, Judge, made return to said alternative writ, to the effect that there had been no unwarranted or inexcusable delay in bringing said action on for trial, and the plaintiff therein was not thereby barred from any equitable or legal remedy she would otherwise have, in which return the other defendants united and to which the relator in this court demurred.

For the plaintiff there was a brief by *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Ralph M. Hoyt.*

For the defendant *Emma Rohnert* there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Bert Vandervelde,* all of Milwaukee.

CROWNHART, J.   *Emma Rohnert,* on the 14th of December, 1920, brought an action in the circuit court for Milwaukee county against the Pabst Brewing Company, a domestic corporation, and others, to obtain an injunction restraining the defendants from committing waste on certain premises which she had leased to the Pabst Brewing Company, and for a mandatory injunction to compel defendants to restore the premises to their original condition.   The plaintiff in

that case alleged that she had leased certain premises to the Pabst Brewing Company for a restaurant; that the Pabst Brewing Company had subleased to the Amusement Company of Milwaukee, and that said sublessee was proceeding to remodel the building upon the leased premises so as to convert it from a restaurant into a moving-picture theater. The complaint contained a prayer for an injunction *pendente lite*, but no motion for such injunction was ever made and none was ever granted.

The Pabst Brewing Company answered in the case, setting up defenses upon the merits, and setting forth the fact that in December, 1920, at a special meeting of the stockholders, the Pabst Brewing Company adopted a resolution for dissolution of the corporation, filing a copy in the office of the register of deeds for Milwaukee county on December 28, 1920. Thereafter a notice of trial was served by the plaintiff, but no further proceedings were taken within three years. At the time of the resolution for dissolution of the Pabst Brewing Company, *Fred Pabst,* the relator, was one of the directors of the corporation, and he with his fellow directors became the legal administrators of the corporation for the purpose of winding up its business. During the succeeding three years all the other administrators resigned, and at the close of the period he was the sole remaining administrator. The property of the corporation was distributed and the business of the corporation completely liquidated at the end of the three-year period. Thereafter the relator had attorneys make a motion before the circuit court for a dismissal of the action as to the relator, on the ground that the corporation had ceased to exist. Such motion was denied. The relator thereupon sought his remedy in this court by writ of prohibition against the further prosecution of said action.

The defendants contend that the writ should not issue because (1) the relator has an adequate remedy in the cir-

cuit court; (2) the action does not abate by the mere lapse of three years from filing the resolution of dissolution; (3) the statute vests in the circuit court discretion to make other provision; (4) the action is saved by secs. 2800 and 2801 of the Statutes.

In *Petition of Pierce-Arrow Motor Car Co.* 143 Wis. 282, 127 N. W. 998, the principles under which this court will exercise its prerogative jurisdiction to issue a writ of prohibition were very clearly stated by Mr. Chief Justice WINSLOW as follows:

"Those principles in substance are that this jurisdiction is not to be exercised upon light occasion, but only upon some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be plain; its refusal to proceed within the line of such duty or, on the other hand, its intent to proceed in violation of such duty must be clear; the results must be not only prejudicial but must involve extraordinary hardship; the remedy by appeal or writ of error must be utterly inadequate; and the application for the exercise of the power of superintending control must be speedy and prompt."

Those principles have been affirmed in a number of cases since that time. *State ex rel. Goldwyn D. Corp. v. Gehrz,* 181 Wis. 238, 194 N. W. 418, and cases there cited. If the duty of the circuit court to abate the action against the Pabst Brewing Company were clear, and the relator did suffer extraordinary hardship by reason of the court's failure to perform its duty, and if he had no other adequate remedy, the duty of this court to assume jurisdiction is well settled.

It is the contention of the relator that the Pabst corporation has ceased to exist, and that there is no one with authority to represent the corporation in the action pending in the circuit court, but that if he is wrong in his contention the plaintiff in that case might recover a judgment that would require the outlay of many thousands of dollars, and that he, as the final legal administrator of the corporation's

State ex rel. Pabst v. Circuit Court, 184 Wis. 301.

assets, might be held liable for the performance of the judgment, and failing which, he might be held in contempt of court. The order denying the relator's motion to abate the action is not appealable. *Gill v. Hermann,* 168 Wis. 589, 171 N. W. 76; *Maxon v. Gates,* 118 Wis. 238, 95 N. W. 92; sec. 3069, Stats. Thus the relator must take his chance of allowing the case to go to judgment by default or proceed to defend the action in the circuit court. He alleges that he has no money or property of the corporation with which to defend, and that any such defense would have to be at his individual expense. It seems clear that if the circuit court's duty was plain to dismiss the action, the relator is entitled to a writ of prohibition to enforce such action by the circuit court.

Sec. 181.03, Stats., reads as follows:

"Any corporation organized under any law may, when no other mode is specially provided, dissolve by the adoption of a written resolution to that effect, at a meeting of its members specially called for that purpose, by a vote of the owners of at least two thirds of the stock in the case of stock corporations and of one half of the members in other corporations; but when a mode or process of dissolution shall have been provided in the articles of organization, it shall be conducted accordingly. . . . Duplicate copies of such resolution, with a certificate thereto affixed, signed by the president and secretary, or, if none, the corresponding officers, and sealed with the corporate seal, if there be any, stating the fact and date of the adoption of such resolution; that such is a true copy of the original, the whole number of shares of stock, and of members of such corporation, and the number of members who, or of the shares of stock whose owners, voted for its adoption, shall be forwarded to the secretary of state, one copy to be filed by the secretary of state and the other copy to be returned with certificate of the secretary of state attached, showing the date when such copy was filed and accepted by the secretary of state, which said copy shall be recorded by the register of deeds of the county in which such corporation is located within thirty days after filing with the secretary of state, and thereupon

such corporation shall cease to exist except for the winding up of its affairs. . . ."

Sec. 181.02, Stats., reads as follows:

"All corporations whose term of existence shall expire by their own limitation, or which shall be voluntarily dissolved in the manner provided by law or by its articles of association, or shall be annulled by forfeiture or otherwise, shall nevertheless continue to be bodies corporate for three years thereafter for the purpose of prosecuting and defending actions and of enabling them to settle and close up their business, dispose of and convey their property and divide their capital stock, and for no other purpose; and when any corporation shall become so dissolved the directors or managers of the affairs of such corporation at the time of its dissolution, by whatever name they may be known, shall, subject to the power of any court of competent jurisdiction to make, in any case, a different provision, continue to act as such during said term and shall be deemed the legal administrators of such corporation with full power to settle its affairs, sell or dispose of and convey all its property, both real and personal, collect the outstanding debts, and after paying the debts due and owing by such corporation at the time of its dissolution and the costs of such administration divide the residue of the money and other property among the stockholders or members thereof."

A corporation may comply fully with sec. 181.03 by adopting the written resolution for dissolution of the corporation and filing copies thereof, as provided by law, with the secretary of state and with the register of deeds for the county in which such corporation is located. Sec. 181.02 thereupon provides that the corporation shall continue a body corporate for three years thereafter for the purpose of prosecuting and defending actions and to enable it to settle and close its business, dispose of and convey its property and divide its capital stock, and for no other purpose. When the three-year period expired the corporation ceased to exist. It had no function to perform; it could perform no function. During the three years the directors constituted

State ex rel. Pabst v. Circuit Court, 184 Wis. 301.

the legal administrators for winding up its business. At the end of that time they ceased to be legal administrators of the corporation. They had no further functions to perform for the corporation; they could not represent the corporation. The corporation being defunct and without legal existence, all actions against it abated. The law is well settled to that effect.

In *Combes v. Keyes,* 89 Wis. 297, 62 N. W. 89, this court said:

"Where, during the pendency of a suit, a corporation surrenders its charter, which is accepted by the legislature, it becomes defunct, and the suit abates, unless the legislature, by some act, saves the right of action against the corporation." 8 Fletcher, Cyc. Corp. § 5613; 1 Corp. Jur. 134–136.

It is the claim of the defendant that sec. 181.02 gives the court power to make other provisions with reference to winding up the corporation, but we do not so read the statute. The statute provides that the directors and managers of the corporation at the time of its dissolution shall, subject to the power of the court to make a different provision, continue to act as such during said term and shall be deemed the legal administrator of such corporation. But the statute does not extend the time within which the corporation shall cease to exist; it merely provides that the court may substitute, in the place of the directors or managers of the corporation named in the statute to wind up the corporation's business, some other person or method of winding up the business.

However, the debts of the corporation, if any, were not extinguished because the corporation ceased to exist. The creditors of the corporation may follow its assets into the hands of the stockholders, who may be required to respond to the extent of their distributive shares thereof. *Lindemann v. Rusk,* 125 Wis. 210, 229, 104 N. W. 119.

It is claimed that the action does not abate against the

corporation under the authority of *Lindemann v. Rusk, supra,* but that was an action in equity to recover the assets of a defunct bank, and the court said:

"All persons interested as owners of the property are before the court, and the proceeding is so framed that the interests of any party to the corporate property can be determined, finally adjusted, and fully protected. Even should it be held that the bank became extinct as a corporation after the action was commenced and before judgment, this does not necessarily abate the action of the interested persons party thereto, though the corporation, as such, might drop out of the proceeding. Under these conditions the suit could be continued and prosecuted to judgment in the name and right of the parties interested in the corporate estate, which is in the custody of the court and held as a trust fund to be administered for their benefit." Page 232.

The court there did not pass directly on the question in issue here. It is manifest that an action cannot proceed against a dead person. *Farrall v. Shea,* 66 Wis. 561, 29 N. W. 634. Here the corporation is dead and as to it the action abates. It is also contended that the action will not abate where the cause of action survives. Secs. 2800 and 2801, Stats. But the cause of action does not survive against the defunct corporation. It survives, if at all, against those who possess the distributive shares of the corporate assets.

*By the Court.*—The prayer of the relator is granted and the writ of prohibition will issue accordingly. Costs are to be taxed in favor of the relator.