Cotter and another vs. Plumer, Adm'r, etc.

COTTER and another, Respondents, vs. PLUMER, Administrator, etc., Appellant.

*October 10 — November 8, 1888.*

*Logs and timber: Wrongful cutting: Measure of damages: Survival of actions.*

Sec. 4269, R. S., fixing the measure of damages in actions to recover the possession or value of logs, timber, or lumber wrongfully cut on the plaintiff's land, applies only to such actions as are prosecuted to judgment against the wrong-doer or the person purchasing from him with notice of his wrong; and if such wrong-doer or purchaser dies before judgment the plaintiff can recover against his personal representative only the value of the stumpage.

APPEAL from the Circuit Court for *Lincoln* County.

This action was originally brought by the plaintiffs against B. G. Plumer, to recover damages for the alleged cutting by him, in 1885, of a quantity of pine timber upon land owned by them in the county of Lincoln, and the removal of the same from such land. The plaintiffs are the owners of such land under and by virtue of a tax deed thereof duly executed to one Anderson, who subsequently conveyed the land to the plaintiffs. B. G. Plumer was the original owner of the land under patent issued by the United States to him. He died intestate after this action was commenced, but before issue was joined therein. The action was duly revived and continued against *D. L. Plumer*, who had been appointed administrator of the estate of B. G. Plumer.

The administrator thereupon answered the complaint, alleging, among other things, the title of his intestate, and that the latter cut and removed the timber in question in good faith, without knowledge of any claim of title to the land in question, of record or otherwise, by plaintiffs or their grantor.

The testimony on the trial was to the effect that the defendant's intestate cut the timber in question, and floated the same down a tributary into the Wisconsin river, where the logs were worth from six to nine dollars per thousand feet, while the stumpage was worth from one dollar fifty cents to three dollars per thousand feet. The court instructed the jury that if the intestate honestly believed, when he cut the timber and removed the logs, that he owned the land upon which it stood and from which it was removed, the value of the stumpage and interest was the legal measure of damages; otherwise they should assess as damages the highest market value of the logs while in the possession of the intestate, without interest. The jury assessed plaintiffs' damages at the value of the logs in the Wisconsin river,— probably at six dollars per thousand feet,— thus negativing the defense of good faith on the part of the intestate. A motion for a new trial was denied, and judgment rendered for the plaintiffs for the damages assessed by the jury. The defendant appeals from the judgment.

For the appellant there was a brief by *Bardeen, Mylrea & Marchetti*, attorneys, and *Silverthorn, Hurley, Ryan & Jones*, of counsel, and oral argument by *C. V. Bardeen.*

For the respondents there was a brief by *Bump & Hetzel*, and oral argument by *H. C. Hetzel.*

LYON, J. The testimony leaves no doubt that the plaintiffs were the owners of the land from which the timber was taken at the time it was taken, and that they are entitled to recover in this action. The sole question to be determined is, whether they may recover the highest market value of the logs taken from their land while such logs remained in the possession of B. G. Plumer, the defendant's intestate, or only the value of the stumpage — that is, of the standing timber before the same was cut. In other words, this court having just held in *Fleming v. Sherry, post*, p. 503 (decided

herewith), that sec. 4269, R. S., as amended by ch. 239, Laws of 1882, is applicable in an action by one claiming under a tax deed, against the original owner of the land, for cutting the timber standing upon it and removing it therefrom, does that statute apply to this action, the original defendant having died before judgment and before issue joined in the action?

At the common law this action would have abated, and the cause of action would have been destroyed by the death of B. G. Plumer, the alleged wrong-doer. *McArthur v. G. B. & M. Canal Co.* 34 Wis. 139; *Noonan v. Orton*, 34 Wis. 259. By statute (sec. 4253, R. S.) a cause of action for damages done to real or personal estate survives the death of the trespasser or wrong-doer, and may be prosecuted to judgment against his executor or the administrator of his estate. This is such an action. But sec. 4254 limits the recovery to "the damages actually sustained, without any vindictive or exemplary damages, or damages for alleged outrage to the feelings of the injured party." But for sec. 4253, the death of B. G. Plumer would have terminated the action and the right of action as well. Sec. 4254 saves both the action and the right to the extent of actual or compensatory damages (excluding therefrom injury to feelings), and no further.

The contention of the plaintiffs is that sec. 4269 abrogates and repeals such limitation of damages, and entitles the plaintiffs to the highest damages allowed by that section. This claim is based upon the general language contained in sec. 4269. The section reads thus: "In all actions to recover the possession or value of logs, timber, or lumber wrongfully cut upon the land of the plaintiff, or to recover damages for such trespass, the highest market value of such logs, timber, or lumber, in whatsoever place, shape, or condition, manufactured or unmanufactured, the same shall have been at any time before the trial, while in possession

of the trespasser or any purchaser from him with notice, shall be found or awarded to the plaintiff, if he succeed, except as in this section provided." The argument is that this is an action brought to recover the value of logs wrongfully cut upon plaintiffs' land and removed therefrom; that the plaintiffs have succeeded in the action; that the jury have negatived the good faith of the wrong-doer; and hence that they may recover the highest damages authorized by sec. 4269, notwithstanding the limitation of damages in sec. 4254.

For reasons entirely satisfactory to our minds we are unable thus to construe the above statute. Sec. 4269 is in the nature of a penal statute. In fact it is highly penal, for under it the trespasser may be compelled to pay the owner, over and above the actual value of the property taken, a sum equal to the amount the wrong-doer has increased its value by his labor and expenditures thereon, which is often far greater than the original value of the property taken. Hence the statute must be construed with reasonable strictness, *Wright v. E. E. Bolles Wooden Ware Co.* 50 Wis. 167.

The procedure on the part of the defendant to avoid such penalty, prescribed in sec. 4269, shows very clearly that only such actions as are prosecuted to judgment against the wrong-doer or the person purchasing from him with notice of his wrong, are within the purview of the statute. This appears from the fact that the defendant cannot avoid the penalty of the statute unless he makes and serves an affidavit that the cutting was done by mistake. This is a matter within the personal knowledge of the wrong-doer alone, and presumably an executor or administrator could not make such an affidavit. Had the legislature intended that the section should apply to a case like this, some provision would have been inserted to meet this difficulty. It scarcely requires a resort to the rule of strict construction to enable the court to hold that this case is not within the statute.

Moreover, secs. 4253 and 4254 operate only to preserve the causes of action therein specified to the extent of actual damages. As to all damages beyond these, which might have been recovered had the trespasser lived, and as to injuries to the feelings of the injured party, those actions do not survive the death of the trespasser. It would do violence to the established rules of statutory construction to hold that the prohibition against any recovery beyond actual damages has been repealed by the very uncertain and doubtful implication of a later statute.

In view of the considerations above stated we are impelled to the conclusion that sec. 4269 has no application to this case, and hence that the plaintiffs' recovery must be limited to their actual damages, to wit, the value of the stumpage of their timber taken by the defendant's intestate. The court gave the jury the opposite rule of damages. This was an error fatal to the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded to that court for a new trial.