Murray vs. Buell and others.

MURRAY, Respondent, vs. BUELL and others, Appellants.

76 657
96 19
76 657
f102 381

*April 12 — April 29, 1890.*

*Assignment of cause of action: Survival: Conspiracy.*

A cause of action arising out of a conspiracy to monopolize the coal business of a city and to drive the plaintiff out of such business, is not assignable either, at common law or under sec. 4253, R. S., as amended by ch. 280, Laws of 1887.

APPEAL from the Circuit Court for *Waukesha* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint in this action was for an alleged conspiracy of the several defendants for the purpose of controlling and monopolizing the entire coal business in .the city of Milwaukee, and preventing all dealers therein from selling at less rates than the prices fixed by them, and thus preventing competition, to the injury of the plaintiff's business, and to drive him and others out of the business; which complaint was, on demurrer, held to state a good cause of action by this court in *Murray v. McGarigle*, 69 Wis. 483. Upon the cause being remitted and issue joined, the same was subsequently tried, and upon such trial the plaintiff obtained a verdict of $4,750. The defendants thereupon moved for a new trial, mainly on the ground that such damages were excessive. Thereupon the trial court ordered that if the plaintiff would remit from such verdict $3,250, and allow the same to stand for the amount of $1,500 only, the motion for a new trial therein would be denied; otherwise it would be granted. The plaintiff refused to so remit, and the motion for a new trial was thereupon granted, and the order granting the same was subsequently affirmed by this court in *Murray v. Buell*, 74 Wis. 14.

It now appears that, prior to obtaining such verdict, and

on or about July 1, 1887, the plaintiff, by an instrument in writing, bargained, sold, assigned, and set over to one Thomas F. Clarke the cause of action mentioned in said complaint, which assignment, omitting the title, is as follows: "Know all men by these presents that I, *John Murray*, of the city and county of Milwaukee, for and in consideration of the procuring sureties and becoming surety for me in the above-entitled action, and of becoming liable for certain costs, expenses, attorney's fees, and disbursements in the prosecution of said action, do hereby bargain, sell, assign, and set over to Thomas F. Clarke, of the said city and county of Milwaukee, all my right, claim, and interest in and to any and all moneys, property, judgment, and each and every thing of value which may come, arise, or be recovered in this action, or by compromise, settlement, or otherwise, from the above defendants, or growing out of the matters mentioned in this action, for the purpose of securing and reimbursing the said Thomas F. Clarke for his said expenses, outlay, and liability incurred or to be incurred as aforesaid; the said Thomas F. Clarke, being so reimbursed and made whole in the matter, to surrender this contract, and release all further claim against me, and all claim upon the matters and things hereby assigned and set over to him. [Signed] JOHN MURRAY."

After said cause was remitted from this court on the appeal reported in 74 Wis. 14, and on or about May 27, 1889, the plaintiff, for and in consideration of $700 to him paid by the defendants, and by an instrument in writing acknowledging the receipt of the same, thereby remised, released, and forever discharged, and for himself, his heirs, executors, administrators, and assigns, remised, released, and forever discharged the said defendants, their heirs, executors, and administrators, of and from all debts, demands, actions, and causes of action which he then had, or which might result from the existing state of things, from

any and all contracts, liabilities, and omissions, and especially from all claims and liabilities under this action, then pending in the circuit court against the defendants, and from all costs of said action, and thereby confessed and acknowledged full satisfaction of all claims upon which the said action was based; and in consideration of the premises thereby agreed and bound himself to hold the defendants and each of them free and harmless from and against any and all claims which might be thereafter made upon them by his agents, attorneys, or assigns, based upon or in any way arising from said action or from any of the transactions upon which said action was based.

Thereupon, and on or about May. 31, 1889, the said Thomas F. Clarke filed a petition in this case, setting forth a summary of the nature of the case, and said assignment to him by the plaintiff, and his liability as surety for the plaintiff, and the moneys he had advanced in said action for and on account of the plaintiff, and asked the court for an opportunity to present the necessary evidence and to prosecute the action to its final determination in the name of the plaintiff, as the only way in which he could be relieved from his liability as aforesaid. The defendant thereupon replied to said petition, and the same was tried by the court and a jury, and upon such trial the jury returned a special verdict to the effect that the plaintiff made the assignment to Thomas F. Clarke, mentioned, on July 1, 1887, in good faith and for a valuable consideration; that said Thomas F. Clarke, in pursuance of said assignment, became liable for and laid out and expended money for the plaintiff in the sum of $586; that the defendant *Buell*, at the time of the settlement with the plaintiff, May 27, 1889, had knowledge or notice of the said assignment; that it was one of the objects of the coal association to regulate and control the prices of coal in the retail trade in the city of Milwaukee; that it was one of the objects of said coal as-

sociation to drive out of the coal business any person who should sell coal at prices less than those fixed by said association; that the defendants, or some of them, at or after the execution of the first agreement between *Buell* and *McGarigle*, did an overt act or acts which affected the plaintiff, for the purpose of carrying out such objects of said coal association; that the plaintiff was driven out of the business under the first contract between *Buell* and *McGarigle*, by reason of such acts; that the plaintiff sustained damages to the amount of $586. The court ordered judgment for the sum last mentioned, upon such special verdict, in favor of the plaintiff and against the defendants. From the judgment entered accordingly upon such verdict the defendants appeal.

For the appellant *Buell* there was a brief by *Shepard & Shepard;* for the appellant *Benjamin,* a brief by *Williams, Friend & Bright;* for the appellant *Swan,* a brief by *Winkler, Flanders, Smith, Bottum & Vilas;* and the cause was argued orally by *C. E. Shepard* and *A. H. Bright.*

For the respondent there was a brief by *Clarke & McAuliffe,* attorneys, and *J. C. McKenney,* of counsel, and oral argument by *J. C. McKenney* and *J. M. Clarke.*

CASSODAY, J.   However ungrateful it may have been in the plaintiff, nearly two years after he had assigned his alleged cause of action to Thomas F. Clarke, and after the latter had, on the faith of such assignment, incurred the liabilities and advanced the moneys in the action, mentioned in the foregoing statement, to settle with the defendants, and to release and discharge them from any and all liability by reason thereof, as stated, without the knowledge or concurrence of Mr. Clarke, yet we are forced to hold that such cause of action was not assignable; and that Mr. Clarke obtained no right to the same, nor to control or continue the action in the name of the plaintiff or other-

wise, by virtue of such assignment. In *Noonan v. Orton*, 34 Wis. 259, it was held that an action in *tort* for a personal injury resulting in a special loss to the plaintiff's business, did not pass to his general assignee in bankruptcy, for the reason that such cause of action was not assignable. To the same effect, *Gibson v. Gibson*, 43 Wis. 23; *Kusterer v. Beaver Dam*, 56 Wis. 471. In the last case mentioned it was held that " a party having a cause of action, in its nature not assignable, cannot, by an agreement before judgment or a verdict thereon, give his attorney any interest therein or in the costs which would be incident to a recovery, which will survive a settlement of the cause of action." That case has since been frequently sanctioned by this and other courts. *Voell v. Kelly*, 64 Wis. 505; *St. Joseph Mfg. Co. v. Miller*, 69 Wis. 391; *Lamont v. W. G. R. Co.* 2 Mackey, 502, 47 Am. Rep. 276; *Miller v. Newell*, 47 Am. Rep. 833. In the case in 69 Wis., above cited, it was held that where a judgment is recovered in such action of tort, and the defendant therein is garnished by a creditor of the plaintiff, and such judgment is subsequently reversed, and such creditor perfects his judgment against the plaintiff in the tort action before the latter recovers another and final judgment against the wrong-doer, the latter judgment is not subject to nor affected by such garnishment; and this was so held on the theory that, although such garnishment was in the nature of a compulsory assignment of the judgment so reversed, yet that it did not transfer the cause of action, nor the judgment subsequently obtained therein.

These cases go on the theory that such actions and causes of action for personal injury or injury to business did not survive the death of the plaintiff at common law, nor by sec. 4253, R. S. *Randall v. N. W. Tel. Co.* 54 Wis. 141; *Farrall v. Shea*, 66 Wis. 565; *Cotter v. Plumer*, 72 Wis. 478. It is claimed, however, that such cause of action would survive by virtue of ch. 280, Laws of 1887, amend-

ing that section by the introduction of the words, "or other damage to the person," so that the part here applicable now reads: "Actions for assault and battery, or false imprisonment, *or other damage to the person*." But it is very manifest that the conspiracy in question inflicted no injury or damage to the person of the plaintiff. The acts alleged were unlawful and injured his business, and gave him a right of action for damages, but such damages were in no sense "damage to the person" of the plaintiff. *Hiner v. Fond du Lac*, 71 Wis. 81, 82. For a discussion of such injury to the person, see the opinion of Mr. Justice ORTON in *Duffies v. Duffies, ante*, p. 374, and the cases therein cited. Since the cause of action here alleged would not have survived, it is very evident it was not assignable, and that Mr. Clarke got nothing by virtue of his assignment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.