Lane and others vs. Frawley.

LANE and others, Executors, Appellants, vs. FRAWLEY, Respondent.

*February 21 — March 14, 1899.*

*Action, tort or contract? Deceit: Survival: Statutes construed.*

1. In an action by executors, a complaint alleging that defendant had made false representations whereby plaintiffs' decedent in her lifetime had been induced to execute a mortgage to defendant, which, through foreclosure by an assignee, resulted in the loss of the property, for the value of which, together with the amount of a deficiency judgment paid by plaintiffs, judgment is demanded, is *held* not to state a cause of action on implied contract, but, if any, one in tort for deceit.

2. An action in tort for deceit, to recover general damages caused by the fraud, does not survive under sec. 4253, R. S. 1878, which provides for survival of "actions for damages done to real and personal estate." That language relates only to injuries to specific property.

3. Nor does such an action survive under sec. 3252, R. S. 1878, which provides that "for wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought by the executors or admin-

Lane and others vs. Frawley.

istrators of the person injured, after his death, against such wrong-doer." That section was not intended to provide for the survival of any action, but merely to regulate the proceedings in such actions as otherwise survive.

APPEAL from an order of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This was an appeal from order sustaining demurrer to a complaint which alleged that plaintiffs were executors under the will of Mary Allen, deceased; that in her lifetime the defendant falsely and fraudulently represented to the deceased, substantially, that if she would execute and deliver to him a note and mortgage for $1,300, he would take proceedings to recover back certain lands formerly owned by her deceased husband, for the executors of his estate; that the law required that before taking proceedings he should be paid his fee, otherwise the case would be thrown out of court; that a note and mortgage for attorney's fees could not be assigned, and that he would attach to the mortgage a written agreement, specifying what he was to perform, to be placed upon the records with the mortgage; that the false statements were made by the defendant wilfully and fraudulently, knowing them to be false, and for the purpose of deceiving said Mary Allen and inducing her to execute said note and mortgage, which she did in reliance thereon; that said representations were false, and that the defendant did not carry out any of said false and fraudulent promises, but did assign the said mortgage, which was thereafter foreclosed, and the property sold; and that, by reason of the false and fraudulent representations so made as aforesaid, the estate of said Mary Allen has suffered the loss of the real estate mortgaged, to its damage in the sum of $2,500, and by reason of the payment of a deficiency judgment said estate has been damaged in the further sum of $177.01. Judgment was accordingly demanded for $2,677.01. The demurrer was general.

Appellants contend that the complaint may be construed to state a cause of action in *assumpsit*, but, if not, that the action for deceit survives to the executors.

For the appellants the cause was submitted on the brief of *Vesper Morgan*. To the point that the cause of action survived, he cited sec. 3252, S. & B. Ann. Stats.; *Haight v. Hayt*, 19 N. Y. 464; *Cregin v. Brooklyn C. T. R. Co.* 75 N. Y. 192; *Hegerich v. Keddie*, 99 N. Y. 258; *Randall v. N. W. Tel. Co.* 54 Wis. 140; *Baker v. Crandall*, 78 Mo. 584, 47 Am. Rep. 126; Pomeroy, Remedies (2d ed.), § 147.

For the respondent there was a brief by *Frawley, Bundy & Wilcox*, and oral argument by *C. T. Bundy*.

DODGE, J. That the complaint attempts to state an action *ex delicto* seems too plain for discussion. The allegations, in brief, are that defendant made false representations whereby deceased, in her lifetime, was induced to execute a mortgage of $1,300, which, being foreclosed by others than the defendant, resulted in the loss of the mortgaged property of value $2,500, whereby she suffered damage in that sum. On the other hand, the complaint contains no allegations sufficient to constitute a cause of action in contract. In many cases in this court the allegation of the *wrongful* obtaining or withholding of money from the plaintiff has been held not inconsistent with a contract character of the action; but in every such case that character has been saved by the fact that the remedy prayed was that to which an implied contract entitled the plaintiff, namely, repayment of the money actually received or retained by the defendant. Among these cases, to some of which appellants call our attention, is *Van Oss v. Synon*, 85 Wis. 661. There the court, by ORTON, J., says: "In actions at law the demand for judgment is vastly important in determining the nature of the action, as between tort and contract, or as between trover and money had and received." In *Fifield v. Sweeney*, 62

Wis. 204, the action was held to be in contract, for the reason that the prayer for relief was simply that to which the implied contract entitled the plaintiff. In that case the money was alleged to have been obtained by fraud and deceit, but the court says: "The whole complaint goes upon the implied *assumpsit* to repay the money so had and received, and interest thereon, and no other damage by reason of the fraud or mistake is claimed."

Such considerations are wholly wanting here. The prayer is not for the recovery of that which the defendant has obtained from the plaintiff by the alleged misrepresentation, but the damage which she has suffered by reason of his fraud, obviously far exceeding the amount received by him, which amount is not set forth. Again, the complaint is obviously not framed upon, and not sufficient to support, an action *ex contractu* for breach of the alleged promises of defendant to perform certain services for plaintiff. Her recovery for such breach would be for what she suffered by the failure to receive those services, as to which no allegation whatever is made, and which bear no relation to the damages set forth and sought to be recovered.

This, then, being a tort action for deceit to recover general damages caused by the fraud, and not to recover back specific property obtained by fraud, it is vigorously debated whether or not it survives. The question is squarely answered in the negative by this court in *John V. Farwell Co. v. Wolf*, 96 Wis. 10, wherein it is pointed out that our statute for the survival of actions, namely, sec. 4253, R. S. 1878, is confined, so far as it relates to this subject, to " actions for damages done to real and personal estates; " that such statute is taken from Massachusetts, by way of Michigan, in both of which it received a restrictive construction, such as to exclude such torts as this, and a construction which wholly differentiated it from the New York statute, which provided for the survival of " actions for all wrongs done to

property rights or interests of another." In that case it was said (citing *Reed v. Hatch*, 19 Pick. 47) that our statute is confined to *injuries to specific property*, and that a mere fraud or cheat by which a pecuniary loss is sustained is not such,— while the New York statute extends to injury to property rights and interests, whereby actions for deceit or other fraud diminishing the estate are included. *John V. Farwell Co. v. Wolf* went upon the assumption that the question of survival of actions is regulated and controlled in this state entirely by sec. 4253, and that, except for its provisions, no actions survive save such as did so at the common law.

We are urged now to recede from the conclusion reached in *John V. Farwell Co. v. Wolf*, and to find authority for the survival of such an action as this in sec. 3252, R. S. 1878, which provides that " for wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought by the executors or administrators of the person injured after his death against such wrongdoer, and, after his death, against his executors or administrators." It is true that the expression, " wrongs done to the property, rights or interests," is the same as that used in the New York statute of survival, which there has been held broad enough to include injuries to mere property rights, as distinguished from injury to property itself. The question, however, is as to the scope of sec. 3252,— whether it is to be treated as a survival statute, and as additional to and independent of sec. 4253. Such condition of things would be almost an anomaly in careful statute-making. Sec. 4253 is apparently exhaustive of the subject, and occurs in a chapter under the title of " Survival of Actions," and has so appeared continuously since the revision of 1849, during all of which time sec. 3252, with some modifications immaterial now, has existed under a chapter entitled " Actions and Proceedings by and against Executors," etc. Such classification of these two sections would seem to

be significant.   In designating what actions should survive, the legislature would naturally locate the section on that subject in the chapter with reference to survival of actions, and would not ordinarily place it under the title of " Proceedings against Executors; " and the appearance of sec. 3252 under such title at once suggests that its purpose is not to provide what actions for wrongs shall survive, but to provide as to how the actions which do survive may be prosecuted,— whether by executors, by next of kin, or by heirs. Such a construction would be not at all unusual, as applied to somewhat analogous statutory provisions.   Thus, in *Noonan v. Orton*, 34 Wis. 259, in discussing the provision in the bankrupt law that the assignee might prosecute and defend in his own name " all suits to which the bankrupt is a party," this court decided that, in view of its purpose, its general language was to be construed to apply, not to "all suits," but only to those based on rights of action which passed to him by virtue of other provisions.   Again, in *Slauson v. Schwabacher Bros. & Co.* 4 Wash. 783, the court held that a section providing that "*all other causes of action* by one person against another, whether arising on contract or otherwise, survive to the personal representatives," was not effective to give survival to any cause of action, but was intended merely to regulate the manner of prosecuting such actions as otherwise survived.   In *La Pointe v. O'Malley*, 47 Wis. 332, 339, this court held that sec. 2801, which provides that "in case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party," did not *confer* any right of survival or assignment, but merely regulated procedure in such actions as by virtue of other provisions of law survived or were assignable. Many other instances might be found where general language has been limited by reason of the presumed legislative purpose to thereby regulate rights otherwise existing, rather than to grant other and additional rights.

This construction, by which the grant of survival of actions is made exclusively by sec. 4253, and only regulation of proceedings in such as do survive is attempted by sec. 3252, is in accordance with all the precedents and practice in this state. Nowhere, in the fifty years of existence of these two statutes, has it been held, or indeed intimated, that any action survived by virtue of sec. 3252, while it has been repeatedly said, albeit sometimes *obiter* and sometimes only inferentially, that sec. 4253 is exclusive upon this subject. In *Woodward v. C. & N. W. R. Co.* 23 Wis. 400, the court, by DIXON, C. J., said: "The common-law rule must govern, unless it [the action] has been taken out of that rule by some express provision of statute. We know of no such provision. The statute declaring what actions shall survive in addition *to those which survive by* the common law, is section 2 of chapter 135 of the Revised Statutes [now sec. 4253]; and this is clearly not one of them. . . . The provisions of statutes allowing actions of tort to survive are strictly construed, so as not to extend the exceptions beyond the clear intent of the legislature." While it is true that sec. 3252 was not expressly cited in the original briefs in that case, it was urged that the cause of action survived because it was an injury to *the property rights,* as distinguished from an injury to the property, of the deceased, a contention which could find support only from that section; and in a motion for a rehearing the predecessor of sec. 3252 was strenuously pressed upon the court as justifying the survival. That motion, however, was overruled without comment, thus impliedly denying to that statute force to enlarge the list of surviving actions beyond the limitations of sec. 4253.

In *Noonan v. Orton,* 34 Wis. 259, the court again treated chapter 135 (sec. 4253) as the exclusive statute of survival, and said: "In this state the list of actions which survive is materially enlarged by statute (R. S. ch. 135). But in this

list we fail to find enumerated actions for malicious prosecution or malicious abuse of legal process." That was an action by the assignee in bankruptcy for the diminution of the bankrupt's estate as a result of malicious abuse of legal process, which might apparently well have been supported by the application of the so-called New York rule, if sec. 3252 be given the construction contended for by appellants. In that case the court cites with approval *In re Crockett*, 2 N. B. R. [75] 208, in which it is held that an action for deceit in recommending an employee, by reason whereof the loss of a large amount of property was suffered, was an action of personal tort for fraud and deceit, and did not survive nor pass to the assignee. In *Randall v. N. W. Tel. Co.* 54 Wis. 140, sec. 4253 is referred to generally as the only statute giving any survival to a tort cause of action.

In *Farrall v. Shea*, 66 Wis. 561, 565, which was an action of ejectment, both sections 3252 and 4253, and some other sections, were vigorously pressed upon the court as authorizing survival. The court (ORTON, J.) said: " Our statute on this subject (sec. 4253, R. S. 1878) is very strict and clear, leaving nothing to intendment beyond what is expressed in it. [Quotes section.] This is very explicit. When the legislature provided that actions for the recovery of *personal* property should survive, it would have been easy and highly proper to have added ' or real property.' . . . There is no other statute which can be tortured into any such amendment of the common law." He then proceeds to declare the rule of strict construction, and that the expression in that section of certain actions excludes all others.

In *Cotter v. Plumer*, 72 Wis. 476, which was an action for trespass for cutting timber, brought against the administrator of the trespasser, the court held that but for sec. 4253 the death of the trespasser would have terminated the action and the right of action as well; that by virtue of that section and sec. 4254 both the action and the right, to the

Lane and others vs. Frawley.

extent of actual or compensatory damages, are saved. It is apparent that, if sec. 3252 also grants survival of action, that right would have existed unrestrained by sec. 4254, and punitory damages as well might have been recovered. It does not appear that sec. 3252 was called to the attention of the court, however. *Murray v. Buell*, 76 Wis. 657, was an action for loss and damage resulting from a conspiracy to the injury of plaintiff's business. The court held that such cause of action did not survive, either by virtue of sec. 4253, R. S. 1878, nor by virtue of ch. 280, Laws of 1887, which added actions for assault and battery, false imprisonment, or other damage to the person, and therefore did not survive at all. That action is in all respects analogous to the action of deceit, resulting in loss and damage. Sec. 3252 does not appear to have been pressed upon the attention of the court.

*John V. Farwell Co. v. Wolf*, 96 Wis. 10, as we have said, again declares sec. 4253 to be the statute measuring the survival of actions, and denies the claim made in that case that an injury such as this could survive by virtue of the New York authorities. An examination of the briefs in this case shows that neither sec. 3252 nor sec. 4253 was specifically called to the attention of the court, but that it was contended that actions for injuries to property rights, as distinguished from the property itself, survive; and it cannot be said, from examination either of the briefs or of the opinion, that both of these sections were not before the court and duly considered in reaching its decision.

In *Schmidt v. Menasha W. W. Co.* 99 Wis. 300, both sections 3252 and 4253 were pressed upon the court as authorizing the survival of the widow's right to damages for her husband's death; but the survival was denied by the court on the authority of *Woodward v. C. & N. W. R. Co.* 23 Wis. 400, the court declining to consider the language of sec. 3252 and impliedly treating it as giving no rights of survival, the

whole discussion being addressed to the language of sec. 4253.

Thus, it appears that through a period of fifty years, with the subject more or less directly presented to the court in some ten or twelve vigorously contested cases, there has been no departure from the view that sec. 4253 is the statute which accords the quality of survival to actions not surviving at common law, and that sec. 3252 accords no such right. During this period the entire body of the statutes has been twice carefully revised, with no change in the arrangement or language of these sections to indicate legislative disapproval of the view taken by the court.   Several times those sections have been verbally amended to enlarge the scope of one or the other, but never so as to intimate that the view taken by the court as early as 1868, in *Woodward v. C. & N. W. R. Co.*, and frequently followed since, was not in accord with the legislative purpose.   Whatever might be our view, as an original question, of the relation between these two sections, it would be subversive of the whole doctrine of *stare decisis*, by which both property rights and litigation must be guided, to now depart from the position so persistently maintained, whether always definitely expressed or not, and to hold that any action for a wrong done to property rights or interests of another shall survive, even though it do not come within the language of sec. 4253.   We feel constrained to hold, as we think the court has repeatedly held before, that sec. 4253 is exclusive upon the subject, and that an action of deceit to recover pecuniary damages not to specific property does not survive the death of the party injured, and, as a result, that the complaint in this case states no cause of action.

*By the Court.*— Order sustaining demurrer is affirmed.