Payne and others, Respondents, vs. Meisser, Executor, and another, Appellants.

*February 9—March 14, 1922.*

*Waste: Survival of action: Jurisdiction of circuit court: Necessity of present seizin by plaintiff: Claims arising in tort: Jurisdiction of county court: Parties to action.*

1. Under sec. 4253, Stats., providing that actions for damages to real or personal estate shall survive the death of the wrongdoer, an action for waste, in so far as actual as distinguished from double damages is sought, survives against the estate of a deceased life tenant.

2. To maintain an action for waste it is not necessary that one who had a reversionary interest in the land should be seized of such interest at the time the action was brought, it being sufficient if he was seized thereof when the waste was committed.

3. Sec. 3252, Stats., authorizing the bringing of actions for wrongs done to property, rights, or interests against the executors or administrators of the wrongdoer, and sec. 3170, giving the circuit court jurisdiction of actions for waste, confer jurisdiction on the circuit court in such an action whether or not the plaintiff has filed a claim against the estate in the county court in accordance with secs. 3838, 3840, 3843, and 3844.

4. Waste, either permissive or commissive, is an action sound-
   ing in tort, and purely tort actions against a deceased per-
   son should be prosecuted against his personal representatives
   in the circuit court or in such other court of civil jurisdic-
   tion as the legislature might designate. [It is not held in
   this case that where a tort may be waived a claim cannot be
   filed in the county court on implied contract.]
5. Under sec. 2604, Stats., a reversioner who refuses to join as
   a party plaintiff in an action against the executor of the life
   tenant for waste committed by deceased is a proper party de-
   fendant.

APPEAL from an order of the circuit court for Sauk
county: E. RAY STEVENS, Circuit Judge.  *Affirmed.*

The complaint in substance alleges that one Charles Payne
was the owner of certain lands situated in section 10, town-
ship 10 north, range 6 east, in Sauk county, Wisconsin, and
that under and pursuant to the provisions of his last will and
testament, which upon his death was duly admitted to
probate, he devised a life estate in said real estate to one
William H. Payne upon condition that he keep the buildings
and fences thereon in good repair, build new fences when
necessary, pay all taxes of every kind and nature that might
thereafter be assessed against said premises, and also pay to
the widow of the said Charles Payne an annuity of $250,
and after said life estate the said lands were devised in fee
in equal shares to the daughter of the said William H.
Payne, to wit, *Martha M. Payne* (now the defendant
*Martha Meisser*), and to the sons of said Charles Payne, to
wit, *Jefferson C. Payne,* Isaac N. Payne, and to his daughter,
Elizabeth M. McGilvra, the child or children of any deceased
child to take his or her share of said farm *per stirpes* and
not *per capita;* that in and by the final decree in the matter
of the estate of said Charles Payne, deceased, the county
court of Sauk county thereafter assigned and transferred
said real estate in accordance with the provisions of said
last will and testament; that thereupon, and during the life
of the said William H. Payne, the said Elizabeth M. Mc-
Gilvra died, leaving her surviving the following children,

who are among the plaintiffs herein, namely: *Ernest, Nellie, Perry, Lee, Guy, Lawrence, Earl,* and *Russell McGilvra;* that in the year 1908 said Isaac N. Payne sold and transferred all his right, title, and interest in and to said premises to the plaintiff *J. C. Payne;* that said William H. Payne, in October, 1908, entered into possession of said premises and remained in possession thereof until on or about March 1, 1919, when the same were sold to one Louis Young; that after the sale of said premises to Young as aforesaid the said William H. Payne died testate, and that the defendant *John Meisser* was thereupon duly appointed administrator with the will annexed of the estate of the said William H. Payne; that at the time said William H. Payne, life tenant, took possession of said premises the same were in good repair and condition, and that while in such possession he was guilty of various acts of permissive and commissive waste, to the great damage of the reversioners under the will of said Charles Payne, deceased; and that said real estate when sold realized a sum of money amounting to $7,000 less than what the same would have been worth had such acts of waste not been committed; that the defendant *Martha Meisser* refused to join as a party plaintiff in this action, and was therefore made a party defendant; that the actual damages sustained by the plaintiffs by reason of such alleged acts of waste amount to $5,000. The complaint, therefore, under and pursuant to the provisions of the statutes, asks for a recovery of damages from the estate of said William H. Payne, deceased, for the sum of $10,000.

The defendants demurred to the complaint upon the grounds (1) that the same does not state facts sufficient to constitute a cause of action, and (2) because the court has no jurisdiction of the person of the defendants or the subject of the action.

The lower court overruled the demurrer, from which order this appeal was taken.

For the appellants there was a brief by *Ruggles & Evenson* of Baraboo and *Sanborn, Blake & Aberg* of Madison, and oral argument by *John B. Sanborn.*

*Frank R. Bentley* of Baraboo, for the respondents.

DOERFLER, J.   Under the first ground of the demurrer it is claimed by the defendants' counsel that the liability for waste committed does not survive against the estate of the deceased life tenant and therefore cannot be maintained against his personal representatives.

The provisions of sec. 4253 of the Statutes are decisive in determining the proposition adversely to such contention. Sec. 4253, among other things, provides:

"In addition to the actions which survive at common law the following shall also survive: . . . Actions for all damages done to the property rights or interests of another, . . . for damages done to real or personal estate."

It needs no comment to demonstrate that an action for waste involves damages done to real estate, and under the language of the statute as quoted it appears that such action survives, as clearly so as if the statute had in express terms included the action of waste in its provisions.

The action of waste, in so far as it involves damages to real estate, is like the action in trespass, with respect to which it was said in *Cotter v. Plumer,* 72 Wis. 476, 478, 40 N. W. 379:

"At the common law this action would have abated and the cause of action would have been destroyed by the death . . . of the alleged wrongdoer. *McArthur v. Green Bay & M. C. Co.* 34 Wis. 139; *Noonan v. Orton,* 34 Wis. 259. By statute (sec. 4253, R. S.) a cause of action for damages done to real or personal estate survives the death of the trespasser or wrongdoer, and may be prosecuted to judgment against his executor or the administrator of his estate. This is such an action.   But sec. 4254 limits the recovery to 'the damages actually sustained, without any vindictive or exemplary damages. . . .'   But for sec. 4253 the death

of B. G. Plumer would have terminated the action and the right of action as well. Sec. 4254 saves both the action and the right to the extent of actual or compensatory damages. . . ."

We therefore hold that the action for waste, for actual— meaning single, not double—damages, in the instant case, survives and is maintainable against the personal representatives of the deceased, William H. Payne.

Under the first ground of the demurrer it is also contended by defendants' counsel that, inasmuch as the plaintiffs had disposed of their interest in the property prior to the commencement of this action, they cannot now bring an action for waste, and that the action of waste depends upon privity of estate between the parties, so that if the reversioner grants away his reversion after waste done no action in this form will lie.

In *Robinson v. Wheeler,* 25 N. Y. 252, 259, it was held:

"It is no longer necessary, to enable one who has had a reversionary interest in lands, to maintain an action in the nature of waste, that he should be seized of the interest at the time the action is brought. It is enough if he was seized of the interest at the time the waste was committed."

The statutes of New York, under which the foregoing decision was rendered, are almost identical with those of Wisconsin on the subject of waste, and it would appear that our statute was originally taken from New York. Since the decision in the *Robinson Case* the legislature of New York has amended the statute, making the decision a part of the statutory law of that state.

"No person can maintain the action unless he has an estate of inheritance in him at the time when the waste is committed, although such interest need not continue to exist in plaintiff at the time of the commencement of the action." 40 Cyc. 528, 529; *Dickinson v. Baltimore,* 48 Md. 583, 30 Am. Rep. 492; *Purton v. Watson,* 2 N. Y. Supp. 661.

The demurrer, therefore, cannot be sustained upon this ground.

In defendants' second ground of demurrer it is claimed that the court has no jurisdiction over the person of the defendants or of the subject of the action. This branch of the demurrer involves the question whether the plaintiffs should be required, in accordance with the provisions of ch. 165 of the Statutes, to file a claim for their damages in the county court in the matter of the estate of said William H. Payne, deceased.

The title of ch. 165 of the Statutes is "Proof and payment of debts and legacies." Sec. 3838 makes it the duty of the county court, on the filing of a petition for probate of a will or for administration, to receive, examine, and adjust claims and demands of all persons against the deceased.

Sec. 3840 provides for the fixing of time by an order of the county court within which creditors shall present their claims for examination and allowance.

Sec. 3843 provides that the court shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession of or title to real estate, etc.

Sec. 3844 is entitled "Statute of limitations," and provides that claims not presented when due notice shall have been given shall be forever barred.

Sec. 3845, entitled "Actions against executors, etc.," provides:

"No action shall be commenced against an executor or administrator, excepting actions for the recovery of specific real or personal property, or actions to establish, enforce, or foreclose a lien or right of lien, on real or personal property, or to quiet title or remove a cloud on title, to construe wills, enforce the liability of stockholders, to avoid fraudulent conveyances, to affect or pass the title to real property and other actions in which the county court cannot afford a remedy as adequate, complete, prompt or efficient as the circuit court. . . . Nothing in this section shall prevent any person having a lawful claim against a deceased person from bringing an action therefor against the executor, administrator, heir, devisee, or legatee of such deceased person, when

no time has been fixed in which creditors may present their claims against the deceased for allowance, or when no notice of such limitations has been ordered or given."

In construing sec. 3838 this court in *Lannon v. Hackett,* 49 Wis. 261, 270, 5 N. W. 474, held that the county court has power to determine equitable as well as legal claims.

In *Wisdom v. Wisdom,* 155 Wis. 434, 145 N. W. 126, it was held that

"The county court has full jurisdiction, in law as well as in equity, in respect to all controversies involved in the settlement of the estates of deceased persons.    Sec. 2443, Stats.; *Brook v. Chappell,* 34 Wis. 405; *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935; *Tyron v. Farnsworth,* 30 Wis. 577; *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, 101 N. W. 404."

It will appear from the provisions of ch. 165, above set forth and referred to, that the legislature had in mind, in enacting the statutes providing for the presentation and allowance of claims, the giving of an opportunity to all persons having a claim, whether legal or equitable, to file such claim in the matter of the estate of the deceased person, so that the claimant might participate in the distribution of the assets of his estate.

The proceedings on the administration of the estates of deceased persons, in as far as they pertain to creditors, are in many respects like the statutes on assignments for the benefit of creditors, or the federal statutes with respect to insolvent debtors, or the equitable remedies in receiverships. These statutes provide for a simple, efficient, and speedy remedy by and under which the liabilities of the deceased may readily be ascertained and, in accordance with the equitable doctrine that a man must be just before he is generous, with certain exceptions pertaining to exemptions, afford creditors a proper right to the payment of their claims before the assets are distributed among the devisees, legatees, or heirs.

Sec. 3845 is known as sec. 60 of ch. 70 of the Statutes of 1849, and, while not as broad and as inclusive as sec. 3845 as it now appears in our Statutes, was designed by the legislature to include claims and demands based upon contract and to prevent, in substance, actions brought against executors and administrators upon such claims and demands. In the succeeding revisions of the statutes, down to the present day, this section of the Statutes has been somewhat broadened, with the view of authorizing the commencement of actions on claims and demands in the circuit court where the county court cannot give adequate, speedy, or efficient relief.

Sec. 4253, entitled "What actions survive," has heretofore been referred to, and, as above decided, includes the action of waste. Waste may be either permissive or commissive, and in both instances constitutes an action sounding in tort.

In *State ex rel. Owen v. Reisen,* 164 Wis. 123, 159 N. W. 747, it was held that the words "claims, demands and sums" in sec. 1 of ch. 339, Laws 1915, relate to claims arising on contract, and in the opinion in that case it is said:

"This court has repeatedly held that 'claims or demands,' as used in laws relating to claims against cities, relates only to claims arising on contract. *Mason v. Ashland,* 98 Wis. 540, 74 N. W. 357; *Bradley v. Eau Claire,* 56 Wis. 168, 14 N. W. 10; *Kelley v. Madison,* 43 Wis. 638."

In *Knutsen v. Krook,* 111 Minn. 352, 357, 127 N. W. 11, it was held:

"The word 'claim,' as generally employed, has a broad and comprehensive meaning, embracing every species of legal demand. 7 Cyc. 180. But, as employed in a particular statute, its meaning is often restricted and limited, and in statutes providing for the administration of the estates of deceased persons, requiring a presentation of claims against the estate, is by the authorities generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime.

(Numerous authorities cited.)   The statutes of this state have been so construed. . . . The statute has no application to claims arising in tort, to those arising out of the administration of the estate, nor to claims for legacies or distributive shares of an estate."

Ch. 141 of the Statutes is entitled "Actions and proceedings by and against executors, administrators, heirs, next of kin, legatees, and devisees in certain cases," and sec. 3252 under said chapter, entitled "Tort actions," provides:

"For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought by the executors or administrators of the person injured after. his death, against such wrongdoer, and, after his death, against his executors or administrators."

The section last named, it was held in *Lane v. Frawley,* 102 Wis. 373, 379, 78 N. W. 593, merely regulated the proceedings in such actions as survive under the provisions of sec. 4253 of the Statutes.

It would thus appear that sec. 3252 expressly contemplated the bringing of an action sounding in tort against the personal representatives of the deceased tortfeasor in the circuit court, or such other court of civil jurisdiction as the legislature might designate.

Sec. 3170 of the Statutes expressly provides that the circuit court shall have jurisdiction of actions of waste, etc. In construing said last named section it is said in *Bandlow v. Thieme,* 53 Wis. 57, 62, 9 N. W. 920:

"We are inclined to think, however, that although the language of the statute does not make the jurisdiction of the circuit court exclusive, in terms, in such an action, from the nature of the action, and the remedies of double damages and injunction, it is exclusive in that court."

By what has been heretofore said it is not our intention to hold that a tort claim which is of such a nature that the tort can be waived cannot, upon the implied-contract feature,

be proved as a claim against the estates of deceased persons. However, it appears quite clear that it was the intention of the legislature that purely tort actions such as the instant one should be prosecuted to judgment either in the circuit court or in some other court upon which jurisdiction to try such action has been expressly conferred. This holding also seems to be in accordance with the long continued practice of the profession with respect to tort claims.

Defendants' counsel also claim that the defendant *Martha Meisser* is not a proper party defendant in this action. In answer to this contention we refer counsel to the provisions of sec. 2604 of the Statutes.

The order of the circuit court overruling the demurrer is sustained.

*By the Court.*—It is so ordered.