MESAR, Respondent, vs. SOUTHERN SURETY COMPANY and another, imp., Appellants.

*December 5, 1928—January 8, 1929.*

For the appellants there was a brief by *Joseph E. Tierney,* attorney, and *S. D. Stern,* of counsel, both of Milwaukee, and oral argument by *Mr. Tierney.*

For the respondent there was a brief by *Rubin, Zabel & Rouiller* of Milwaukee, and oral argument by *W. C. Zabel.*

OWEN, J.   Steve Brem, the driver of the automobile, died before this action was instituted, and it was commenced against the administrator of his estate.   The appellants contend that the cause of action did not survive the death of Brem.   Sec. 331.01 of the Statutes provides:

"In addition to the actions which survive at common law the following shall also survive: Actions for the recovery of personal property or the unlawful withholding or conversion thereof, for the recovery of the possession of real estate and for the unlawful withholding of the possession thereof, for assault and battery, false imprisonment or other damage to the person, for all damage done to the property rights or interests of another, for goods taken and carried away, for damages done to real or personal estate, equitable actions to set aside conveyances of real estate, to compel a reconveyance thereof, or to quiet the title thereto, and for a specific performance of contracts relating to real estate; provided this act shall have no application to pending litigation."

Appellants contend that by virtue of this provision of the statutes, actions only, and not causes of action, survive: this because the statute refers to actions and not causes of action. Appellants cite a multiplicity of authorities to the effect that an action is a legal proceeding pending in court, and con-

tend that, as there was no action pending at the time of the death of Steve Brem, no action survived. They urge the application of the rule of statutory construction that words found in a statute are to be accorded their usual and ordinary meaning, and that, as the statute by its terms provides for the survival of actions and not causes of action, the demurrers to the complaint and cross-complaint should have been sustained.

The principle that words found in a statute are to be accorded their usual and ordinary meaning is by no means universal. There is a more cardinal principle for the construction of statutes to which the principle just referred to must yield, and that is that it is the duty of a court to give effect to the legislative intent.

At common law causes of action only survived. There was no such thing as the survival of an action. If a party to an action died the action abated, necessitating another action where the cause of action survived. 1 Corp. Jur. p. 153. Notwithstanding this, the legislature opens sec. 331.01 with the phrase, "In addition to the actions which survive at common law the following shall also survive." It is plain that the legislature used the term "actions" in this phrase as descriptive of that which survived at common law, which, technically speaking, was the cause of action. It used the term "actions" in the remaining portion of the section in the same sense in which it was used in the opening phrase, which, obviously, included causes of action. The purpose of this section was to enlarge common-law survivorship. *Harrigan v. Gilchrist,* 121 Wis. 127, 340, 99 N. W. 909. It was no doubt intended that the supplementary provisions should be in harmony with the common law. Otherwise we would have a classification of survivorship theretofore unknown to the law. We would have cases in which a claim would survive if an action on such claim were pending, but no survivability unless an action had been commenced on the claim.

We can discover no purpose on the part of the legislature to introduce such an anomaly into the doctrine of survivorship.

Although from 1839 down to the present time the statute on survivability has used the term "actions" instead of cause of action, this is the first time it has ever been suggested that it is the actions only enumerated in sec. 331.01 and not the causes of action that survive. It has apparently been universally assumed by the profession that·causes of action survive by virtue of the statute. It has frequently been so assumed, if not expressly or impliedly held, by this court. *Cotter v. Plumer,* 72 Wis. 476, 40 N. W. 379; *Murray v. Buell,* 76 Wis. 657, 45 N. W. 667; *Lehmann v. Farwell,* 95 Wis. 185, 70 N. W. 170; *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109; *Lane v. Frawley,* 102 Wis. 373, 78 N. W. 593; *Lindemann v. Rusk,* 125 Wis. 210, 104 N. W. 119; *Nemecek v. Filer & Stowell Co.* 126 Wis. 71, 105 N. W. 225; *Harris v. Welch,* 148 Wis. 441, 134 N. W. 1041; *Johnson v. Eau Claire,* 149 Wis. 194, 135 N. W. 481; *Payne v. Meisser,* 176 Wis. 432, 187 N. W. 194; *Koehler v. Waukesha Milk Co.* 190 Wis. 52, 208 N. W. 901. The legislature has long acquiesced in the views which this court has thus taken of this statute. If we entertained doubt that this view was the correct construction of the statute, the universal acquiescence in such construction on the part of the profession, the court, and the legislature would constitute weighty objections to the construction contended for by the appellants. But appellants' argument has not disturbed our views. We entertain no doubt that the construction universally accorded the statute gives correct expression to the legislative intent. The demurrer was properly overruled.

For their brief, the respondents contented themselves with simply reprinting the opinion of the trial judge. This is certainly an easy way of making a brief. But it well may

be doubted whether an attorney discharges his full duty to the court in such brief-making. The opinion of the trial judge was an able and exhaustive opinion, fully reviewing the Wisconsin authorities, but no reference was made in either the brief or the opinion with respect to the common law upon the subject. It would seem that so obvious a help in the construction of the statute would have been apparent to the attorneys for the respondents and that we might have had their help upon that subject. However, if they felt that the opinion of the trial judge afforded them an all-sufficient brief, there seems to be no reason why it should have been printed twice. It was printed in full in the Case, and we do not think appellant should be called upon to pay twice for the printing of this opinion.

*By the Court.*—Order affirmed. Respondents to recover no costs for the printing of their brief.