DE BRUE and GENERAL CASUALTY COMPANY OF WISCONSIN, Respondents, vs. FRANK, Administrator, and another, Appellants.

*November 7—December 5, 1933.*

For the appellants there were briefs by *Bender, Trump, McIntyre & Freeman* of Milwaukee, and oral argument by *Eugene L. McIntyre.*

For the respondents there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

FAIRCHILD, J.   Appellant's first point is that the evidence does not sustain the finding of the trial court to the effect that Christofferson was negligent.   The most favorable thing that can be said upon this is that there is a conflict in the evidence as to the negligence of Christofferson.   This compels the application of the rule that when, upon evidence fairly justifying either of two inferences, the trial court has drawn one, the decision of the trial court must be affirmed.   Appellant's claim that the accident was caused by a rear-end collision is met by testimony and comparative measurements tending to show that the accident happened in the manner and as found by the trial court, that Christofferson negligently drove to the left side of the highway in front of an approaching automobile and that such negligence was the proximate cause of the injury to Eileen Hanson, who was guilty of no negligence and did not assume the risk of the negligent conduct of Christofferson.   *Mitchell v. Raymond,* 181 Wis. 591, 195 N. W. 855.

The appellant also urges that error was committed by the trial court in deciding that the respondents' claim survived the death of Christofferson.   Christofferson died three days after the accident and before any action was begun by the injured party against either driver.   The judgment was recovered against De Brue by Eileen Hanson some time after Christofferson's death and, of course, was not paid until after that event.   It is the contention of appellant that the respondents' cause of action for contribution did not arise until the judgment was paid, that therefore the cause of

action did not come into existence until after Christofferson's death, and because of this there was no cause of action for contribution to survive the death of Christofferson. The matter may be stated in this way:

"At common law, every real or personal action abated on the death of either the sole plaintiff or the sole defendant before verdict and judgment, and this is still the law, except in so far as the common-law rule has been modified by statute." 1 Corp. Jur. p. 153.

But our statutes have modified and extended the common-law limitations. Sec. 287.01 provides for the maintaining of tort actions against the estate of a deceased wrongdoer. It reads in part:

"For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought . . . after his death against his executors or administrators. But this section shall not extend to actions for slander or libel."

In *Payne v. Meisser,* 176 Wis. 432, 187 N. W. 194, it was said of the section just quoted that it "expressly contemplated the bringing of an action sounding in tort against the personal representatives of the deceased tortfeasor in the circuit court or such other court of civil jurisdiction as the legislature might designate." The language of this section authorizes the substitution of the representatives of the estate of a deceased tortfeasor for him and in his stead. The character of tortfeasor for the purposes of collecting the damages is transferred from the deceased to his executor or administrator, who stands before the law as a vicarious agent of the wrongdoer to respond in damages out of the estate in his keeping. It was also said in the *Payne Case* that this section regulated the proceedings in such actions as survive under the provisions of what is now sec. 331.01. This section reads:

"In addition to the actions which survive at common law the following shall also survive: Actions for the recovery

for . . . damage to the person, for all damage done to the property rights or interests of another. . . ."

If at the time when this accident happened the alleged joint tortfeasors were negligent, there was in the injured party a cause of action against each for her personal injury. There is no question as to the survival of this cause of action under the provisions of sec. 331.01. Assuming that the injured party after the death of Christofferson brought her action against respondent and the administrator of the Christofferson estate, that she was successful in proving that the negligence of each was a cause of injury, she could then have recovery by judgment against both. Such a judgment would have established a liability common to the respondent and the estate of Christofferson. Even if there were a question as to whether the statutory description of actions which survive is broad enough to include Christofferson's then inchoate obligation to share the burdens of the litigation with his joint tortfeasor, the statutes relating to the survival of causes of action for tort have in effect substituted the estate of Christofferson for Christofferson, and since, if there were negligence on the part of respondents and Christofferson both, this would result in a liability common to respondents and the estate, there is in effect no question of survivorship immediately involved. From whatever source it may have come the liability has ultimately rested upon respondents and the estate of Christofferson. Respondents discharged it. Every principle of equity and justice that applies to any case of contribution applies here.

The right is founded on principles of equity and natural justice. *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048; *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822; *Western C. & S. Co. v. Milwaukee General Construction Co.,* decided herewith (*post,* p. 302, 251 N. W. 491). It may be said, however, that a right to be protected against an unfair exaction comes into being

and becomes the property right or interest of a joint tortfeasor the instant the combination of negligent acts results in injury to a third person. This right in this case was created on and has existed since June 23, 1931, three days before the death of Christofferson. That particular combination of negligent acts has not existed since and nothing has occurred to modify or destroy that which was then vitalized. The right is an incident which follows the principal event, that is, the concurring negligent act, and draws its life therefrom. When the concurring negligent acts give to the injured a cause of action against the joint tortfeasors, the incidental right of a joint tortfeasor to compel contribution is created. Once in being, although contingent, subordinate, or inchoate, it has an existence in contemplation of law until it is no longer needed as a resource to which the joint tortfeasor may look for relief from an inequitable burden placed upon him by reason of the refusal of another to perform such other's duty by paying his honest share of the common obligation, unless sooner waived or given up by its owner. Death, after the negligent act has fixed the right upon the common liability, does not destroy the right nor interfere with its legal growth into that state described as an accrued cause of action. *Mesar v. Southern Surety Co.* 197 Wis. 578, 222 N. W. 809; *Haines v. Duffy*, 206 Wis. 193, 240 N. W. 152; 24 Corp. Jur. p. 291; 6 Ruling Case Law, p. 1044. Each joint tortfeasor, then, had the right prior to the death of Christofferson to compel the other to perform the duty arising out of the circumstances.

In *Consolidated Coach Corp. v. Burge*, 245 Ky. 631, 54 S. W. (2d) 16, the court, in discussing the nature of contribution, said:

"An inchoate right of the owner of the bus to enforce its cause of action against the owner of the truck arose forthwith as an incident, in a sense, to the injured passengers'

rights of actions against both owners. As long then as the injured passengers' rights to compensation remained undetermined, the subordinate right of the bus company to contribution continued, and, on payment of the compensation to the injured passengers by the owner of the bus, whether in satisfaction of judgments against it in favor of the injured passengers, or pursuant to a payment on compromises, its cause of action to enforce its right of contribution against the owner of the truck immediately accrued and existed until barred by the statute of limitations."

Upon the question which is presented by the failure of the respondents to file their claims against the estate of Christofferson, the ruling is against appellants. Although the claim for contribution cannot be said to be a tort, where there has been no trial of the issues between the injured party and both alleged joint tortfeasors, the same reasons obtain for permitting an action in the circuit court and excuse the respondents from filing a claim in the county court, as apply to tort actions, since the proof is of the same kind and character.

It is not necessary to decide what would have been the situation if the injured party had reduced her claim to a judgment against both in an action in which there was no cross-complaint for contribution. It is entirely possible that in such a situation a claim should be filed. *Payne v. Meisser, supra.*

*By the Court.*—Judgment affirmed.