SCHOOL DISTRICT No. 1, TOWN OF CATO, Respondent, vs. BRENNAN, Executrix, Appellant.

*October 9—November 8, 1940.*

For the appellant there was a brief by *Kelley, Wyseman, Muchin & Hansen* of Manitowoc, attorneys, and *Erwin N. Pauly* of Sheboygan Falls of counsel, and oral argument by *Miss Ruth E. Hansen* and *Mr. Pauly*.

For the respondent there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

MARTIN, J. The defendant contends that under sec. 287.17, Stats., plaintiff should seek its remedy in the county court and that the circuit court should not have assumed jurisdiction. Defendant further contends that the complaint should affirmatively allege facts to show in what respects the remedy afforded by the county court was not as adequate, complete, prompt, and efficient as that afforded by the circuit court. Sec. 287.17, so far as here material, provides:

"No action shall be commenced against an executor or administrator, excepting actions for the recovery of specific property, or actions to establish, enforce or foreclose a lien on property, or to quiet title or remove a cloud on title, to construe wills, enforce the liability of stockholders, to avoid fraudulent conveyances, to pass the title to real property and other actions in which the county court cannot afford a remedy as adequate, complete, prompt or efficient as the circuit court."

In *Payne v. Meisser,* 176 Wis. 432, 187 N. W. 194, which was an action to recover damages for waste alleged to have been committed by a life tenant on certain real estate, de-

fendants demurred to the complaint, one ground being that the court had no jurisdiction of the person of the defendants or the subject of the action. Their contention was that plaintiffs should be required to file their claim in the county court against the estate of William H. Payne, deceased. The lower court overruled the demurrer. Referring to sec. 3845, Stats. (now, with immaterial changes, sec. 287.17), at page 439, the court said:

"Sec. 3845 is known as sec. 60 of ch. 70 of the Statutes of 1849, and, while not as broad and as inclusive as sec. 3845 as it now appears in our statutes, was designed by the legislature to include claims and demands based upon contract and to prevent, in substance, actions brought against executors and administrators upon such claims and demands."

And at page 441 the court said:

"However, it appears quite clear that it was the intention of the legislature that purely tort actions such as the instant one should be prosecuted to judgment either in the circuit court or in some other court upon which jurisdiction to try such action has been expressly conferred. This holding also seems to be in accordance with the long-continued practice of the profession with respect to tort claims."

To the same effect see *De Brue v. Frank,* 213 Wis. 280, 251 N. W. 494. In *Estate of George,* 225 Wis. 251, 263, 270 N. W. 538, 274 N. W. 294, it was held that claims which had to be filed to escape the bar of nonclaim were limited to those arising *ex contractu.*

Defendant concedes that pure tort claims need not be filed against a decedent's estate, but she argues that the plaintiff school district could file and prosecute its claim against decedent's estate upon the theory of implied contract, and therefore plaintiff should be compelled to waive its claim in tort and file its claim against the estate upon implied contract. This theory of procedure may have been sug-

gested by the following from the opinion in *Payne v. Meisser, supra,* at page 440, where it is said:

"By what has been heretofore said it is not our intention to hold that a tort claim which is of such a nature that the tort can be waived cannot, upon the implied-contract feature, be proved as a claim against the estates of deceased persons."

It must be conceded that the plaintiff school district might have waived its claim in tort and filed a claim against the estate upon implied contract, but it is quite another thing to hold that plaintiff was barred of the right to bring its action in tort and that the circuit court had no jurisdiction of the person of the defendant or of the subject matter of the action. The cases cited by appellant, *Will of Weidman,* 189 Wis. 318, 323, 207 N. W. 950; *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401; *Banking Comm. v. Muzik,* 216 Wis. 596, 257 N. W. 174, are not applicable. None of them involve a state of facts which gave the plaintiff a choice of remedies—of proceeding in tort or upon implied contract.

The complaint alleges that the action is one for the conversion of public funds by a person acting as school district treasurer, said person being now deceased, and that the county court cannot afford a remedy as adequate, complete, prompt, or efficient as the circuit court for the reason that this action sounds in tort. Defendant cites no authority, and we have been unable to find any, to the proposition that plaintiff was obliged to waive its right of action in tort and pursue the remedy of filing a claim against the estate of the deceased in the county court upon implied contract. The action may be brought in either tort or contract, and if commenced in tort, as in the instant case, the jurisdiction of the circuit court cannot be questioned.

*By the court.*—Order affirmed.